UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOHN HAUPT**,
    Plaintiff,

-vs.-

**THE CITY OF FARMINGTON HILLS**,
    Defendant.
_____/

**MUSSIN & SCANLAND, PLLC**
**SCOTT P. MUSSIN (P66748)**
**JERARD M. SCANLAND (P74992)**
Attorney for Plaintiff
13351 Reeck Court, Suite 5
Southgate, Michigan 48195
Phone: (734)-282-6037
Fax: (734)-447-5853
JScanland@milawoffices.com
_____/

## PLAINTIFF'S COMPLAINT

    There was another civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint, however, said action was pending in the Third Circuit Court, and was assigned case number 2020-009227-CB and was assigned to the Honorable David J. Allen, however, said action was removed this Honorable Court.

                        /s/JERARD M. SCANLAND
                        **JERARD M. SCANLAND**
                    **Attorney For Plaintiff**

## Jurisdiction And Venue

1. This is an action for violations of the Employee Retirement Security Income Act.

2. Plaintiff's claims arise out of his employment relationship with Defendant, THE CITY OF FARMINGTON HILLS.

3. The Plaintiff, **JOHN HAUPT**, is a resident of the City of Westland, County of Wayne and State of Michigan.

4. The Defendant, **THE CITY OF FARMINGTON HILLS**, is a business licensed to conduct business in the City of Farmington Hills, County of Oakland and State of Michigan, with its resident agent's office in the city of Farmington Hills, Michigan.

5. The events out of which this controversy arose occurred in the Eastern District of Michigan.

6. This Court has jurisdiction over this matter

pursuant to 28 USC § 1331 and §1343, and supplemental jurisdiction over the state law claims pursuant to 28 USC §1367.

## General Allegations

7. Plaintiff incorporates and restates the preceding paragraphs as if more fully stated herein.

8. The Plaintiff has been employed with the City of Farmington Hills, since January of 1993.

9. At all times, the Plaintiff employment with the Defendant was exemplary.

10. The Plaintiff was paying into a retirement plan held with the City Of Farmington Hills during the period of time that he was employed with the City of Farmington Hills.

11. Upon information and belief, the last day the Plaintiff worked for the City of Farmington Hills, was December 23, 2019.

12. The Plaintiff was retiring as a lieutenant. A police officer once they performed twenty-five years of sworn service, they could retire.

13. Command officers, however, could only retire if they had twenty-five years of sworn service and they must have reached the age of 50.

14. There was a clause in the employment contract, however, that stated, a command officer could in fact retire despite the above referenced clause if the individual reached 48 years of age and had performed twenty-five years of sworn service. In order to utilize this clause, the party would have to purchase the amount of time necessary to allow the individual to reach the age of fifty (50).

15. The Plaintiff reached the of 49, and then purchased elven months' worth of time for the amount $38,431.

16. When Plaintiff attempted to retire, the Plaintiff was advised that if he wanted his eleven months credited to him, he would have to pay an additional amount of $14,000.00

17. Upon information and belief, the Plaintiff was denied said benefits by the Defendant, which prompted

him to take necessary steps to recoup the retirement benefits that he was entitled to.

18. The Plaintiff was denied his full retirement benefits despite numerous attempts to recoup them.

19. As a result Plaintiff has suffered damages in excess of $200,000.00.

## COUNT-I
## VIOLATION OF SECTION 501
## OF THE EMPLOYEE RETIREMENT INCOME
## SECURITY ACT (ERISA)

20. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 19 above as if set forth in full herein.

21. Plaintiff was at all times a participant or beneficiary, as that term is defined in ERISA.

22. Defendants were at all times an employer, as that term is defined in ERISA.

23. The Plaintiff was an employee of The City of Farmington Hills and during his employment, contributed to his retirement fund through Wells Fargo and thus amassed a retirement fund.

24. The Defendant failed to provide the Plaintiff with the retirement benefits he was entitled to receive.

25. The Plaintiff has repeatedly been denied his benefits earned during the period of time he was employed with the Defendant despite his numerous attempts to try and recoup them.

27. Under Section 501 of ERISA, 29 U.S.C. § 1140, an employer may not take an adverse action against a participant or beneficiary for exercising any right to which she/he is entitled under the provisions of an employee benefit plan ... for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan.

28. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and pension benefits; mental anguish, physical and emotional distress;

humiliation and embarrassment; loss of professional reputation; and loss of the ordinary pleasures of everyday life.

**WHEREFORE,** the Plaintiff respectfully prays this Honorable Court grant the following relief:

A) The Plaintiff be paid the retirement benefits he is found to entitled to;

B) Grant Plaintiff an award of reasonable costs and attorney fees;

C) And such other relief as this Honorable Court deems just and equitable.

Respectfully Submitted,

**MUSSIN & SCANLAND, PLLC**

Dated: November 15, 2021   /s/JERARD M. SCANLAND
**JERARD M. SCANLAND (P74992)**
Attorney for Plaintiff
13351 Reeck Court, Suite 5
Southgate, Michigan 48195
Phone: (734)-282-6037
Fax: (734)-447-5853
JScanland@milawoffices.com